UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN LAWYERS GUILD; CARL GOSSETT, DAVID GRASSBAUGH, MARK SAMPSON, and FRANCIS WILLIAMS, for themselves and those similarly situated; and the PRISON JUSTICE LEAGUE, | § § § § § § | |
| Plaintiffs | § | Cause No. 1:14-cv-366 |
| v. | § § | |
| SECURUS TECHNOLOGIES, INC; TRAVIS COUNTY SHERIFF'S OFFICE, and GREG HAMILTON, in his official capacity; TRAVIS COUNTY DISTRICT ATTORNEY'S OFFICE, and ROSEMARY LEHMBERG, in her official capacity; and TRAVIS COUNTY ATTORNEY'S OFFICE, and DAVID ESCAMILLA, in his official capacity. | § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' CLASS ACTION**

Plaintiffs respectfully file this lawsuit to stop Defendants from illegally recording attorneys' confidential calls with their clients in the county jail, and prosecutors illegally using those recordings, and will show:

JURISDICTION AND VENUE

1.    Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1343.

2.    Venue in this Court is proper because Defendants reside in this judicial district; and the relevant events occurred in Travis County, Texas. 28 U.S.C. §1391

PARTIES

3.    Carl Gossett, David Grassbaugh, Mark Sampson, and Francis Williams are attorneys who routinely represent clients housed in the downtown Travis County Jail (TCJ) and the Travis County Correctional Complex (TCCC) in Del Valle regarding criminal matters

pending in local courts. They routinely speak with those clients remotely via telephone and videoconferencing services provided at TCJ and TCCC exclusively by Securus Technologies.

4.     The Austin Lawyers Guild is an incorporated, membership-based organization, created for the purpose of promoting social justice in the Austin community. Its members include criminal defense attorneys, who routinely speak with clients in TCJ and TCCC remotely via telephone and videoconferencing services provided exclusively by Securus Technologies.

5.     The Prison Justice League is an incorporated, membership-based organization, whose members are people incarcerated in Texas. PJL's mission is to improve conditions in Texas prisons. Since discovering Defendants' unlawful invasions of attorney-client communication, PJL began devoting resources for outreach, education, and other advocacy on behalf of TCCC inmates regarding the matters cited in this lawsuit. Doing so is consistent with PJL's overall mission, but also diverts resources from its normal projects, which Defendants have made necessary.

6.     Travis County Sheriff's Department and Greg Hamilton, the Sheriff, operate TCJ and TCCC and are responsible for the inmates held there. They are also responsible for all programing and services in the jail, including telephone and video communications, for which they have contracted with the private entity Securus Technologies.

7.     Securus Technologies, Inc. is a private corporation, founded and headquartered in Dallas, Texas. It has contracts with prisons and jails across the nation, including in Travis County, to provide telephone and video conferencing services for inmates.

8.     The Travis County Attorney's Office and David Escamilla, the County Attorney, prosecute misdemeanors in Travis County. The Travis County District Attorney's Office and Rosemary Lehmberg, the District Attorney, prosecute felonies in Travis County.

## STATEMENT OF FACTS

9.     A person is arrested in Austin or Travis County is typically brought to TCJ downtown to be booked. TCJ is run by the Sheriff's Department. In most cases, if the Sheriff's Department plans to hold that person for more than a short time, it soon transfers the individual to TCCC in Del Valle, Texas.

10.     Attorneys routinely contact their clients in both TCJ and TCCC by phone or videoconference to discuss confidential matters. They do so with the understanding their conversations are private. Similarly, inmates understand remote conversations with their attorneys are confidential and not recorded.

11.     TCJ and TCCC's phone and videoconferences services are provided by Securus Technologies. Its software automatically records communications between inmates and the outside world, including (and unlawfully) inmates' communication with attorneys. It stores those recordings in a computer server, to which the Sheriff's Department has access.

12.     The Sheriff's Department tells the public it does not record attorney-client calls. For instance, its "Jail Information" webpage says an inmate's calls to his attorney "are free of charge and are not recorded."[1] Similarly, Securus Technology's website promises "[video] visits are secure and completely private for legal counsel."[2]

13.     But in reality, Securus Technology and the Sheriff's Department do record confidential attorney-client communications. They also disclose those recorded conversations to prosecutors in the Travis County and District Attorneys' Offices.

14.     In both offices, prosecutors have procured recordings of confidential attorney-client communication from the Sheriff's Department and/or Securus Technologies and listened to

---

[1] "Jail Information," Travis County Sheriff's Office, at https://www.tcsheriff.org/inmate-a-jail-info/jail-information

[2] "Legal Visits," http://apps.securustech.net/VideoVisitation/LegalVisits.asp

them. Some prosecutors have disclosed copies of those records to defense attorneys among other discovery materials; some have used that knowledge to their tactical advantage without admitting they obtained or listened to the recordings.

15.    Although defense attorneys in Austin have discerned Defendants' practices and confronted them, Defendants appear to have no intention of ceasing their unlawful, unconstitutional eavesdropping and invasion of attorney-client communication.

## CAUSES OF ACTION

A.  Federal Wiretap Act (18 U.S.C. § 2510, *et seq*)

16.    The Federal Wiretap Act broadly prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

17.    Defendants have violated (and continue to violate) both attorneys' and inmates' rights under the Federal Wiretap Act. The individual Plaintiffs and the members of the Austin Lawyers Guild are directly affected, and the Prison Justice League has been forced to redirect resources to address Defendants' unlawful activity.

18.    Securus Technologies and the Sheriff's Department have acted (and continue to act) in concert to intercept confidential communications between plaintiff attorneys and inmates, and to disclose those confidential communications to local prosecutors, in violation of the Act.

19.    The Travis County and District Attorneys have used (and are using) those intercepted communications in violation of the Act.

B.  Texas Wiretap Act (Tex. Civ. Prac. & Rem. Code § 123.001, *et seq*)

20.    Each Defendant is violating the Texas Wiretap Act when it:

- "intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept the communication;"

- "uses or divulges information that he knows or reasonably should know was obtained by interception of the communication;" or

- "as… a common communication common carrier, either personally or through an agent or employee, aids or knowingly permits interception or attempted interception of the communication."

Tex. Civ. Prac. & Rem. Code § 123.002 (a).

21.   Defendants have violated (and continue to violate) Plaintiff attorneys and inmates' rights under the Texas Wiretap Act. The individual Plaintiffs and the members of the Austin Lawyers Guild are directly affected, as is the Prison Justice League.

   C.   Fourth, Fifth, and Sixth Amendments to the United States Constitution

22.   The Fourth Amendment of the U.S. Constitution prohibits unreasonable searches. Defendants have violated the Fourth Amendment rights of individual Plaintiffs and the members of the Austin Lawyers Guild, and those of inmates, which harms the Prison Justice League.

23.   The Sixth Amendment entitles criminal defendants to effective assistance of counsel, which includes confidential attorney-client communication. Similarly, the Fourteenth Amendment protects an inmate's right to access the courts, which is violated when government officials infringe on confidential attorney-client communication. Because jail inmates' rights are violated when their calls are illegally recorded, the Prison Justice League has been forced to redirect resources to address Defendants' unlawful activity

CLASS ALLEGATIONS

24.   Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b), Plaintiffs bring this action on behalf of themselves and a class of similarly situated persons, defined as attorneys practicing criminal defense in Austin or Travis County. The Class seeks certification of claims for declaratory and injunctive relief.

25.   Numerosity: The Class is so numerous it would impractical to join every member. The exact number or identity of all the members is presently unknown, but surely numbers in the hundreds. The identity of Class members can be identified through public records and public

5

notice. Class members may be informed of the pendency of this action by public notice, with postings in courtrooms, with the assistance of the local bar association, and by creating an automated message for attorneys calling clients in TCJ and TCCC.

26.   Commonality: The Class has a well-defined community of interest in the questions of law and fact in this matter – including the recording/use of their confidential communications, the practice's unlawfulness, and the necessity for declaratory and injunctive relief.

27.   Typicality: The individual Plaintiffs' claims are typical of Class members' claims, because Plaintiffs are individual members of the larger community of local criminal defense attorneys with clients in the TCJ and TCCC, who have similar practices and operate under similar constraints.

28.   Adequacy: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent. Plaintiffs will fairly and adequately protect the interest of the members of the Class; they intend to prosecute this action vigorously.

29.   This suit may also be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) because Plaintiffs and the Class seek declaratory and injunctive relief. Defendants have acted on grounds generally applicable to Plaintiffs and the Class as a whole, thereby making declaratory and/or injunctive relief proper.

## DECLARATORY JUDGMENT

30.   Defendants' unlawful actions are an ongoing threat to Plaintiffs' rights under state and federal law, and the U.S. Constitution.

31.   "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek declaratory and/or injunctive relief. 18 U.S.C. § 2520 (b)(1).

32.   A person whose constitutional rights are violated has standing to seek declaratory relief under 28 U.S.C. § 2201.

## INJUNCTIVE RELIEF

33.   Defendants' unlawful actions are an ongoing threat to Plaintiffs' rights under state and federal law, and the U.S. Constitution.

34.   "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek declaratory and/or injunctive relief. 18 U.S.C. § 2520 (b)(1).

35.   "A person who establishes a cause of action under [the Texas Wiretap Act] is entitled to… an injunction prohibiting a further interception, attempted interception, or divulgence or use of information obtained by an interception." Tex. Civ. Prac. & Rem. Code §123.004 (1).

## ATTORNEYS' FEES AND COSTS

36.   Plaintiffs respectfully request they be awarded their attorney's fees and litigation costs.

37.   "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Federal Wiretap Act is entitled to seek "reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. §2520(b)(3).

38.   A person who "establishes a cause of action under the [Texas Wiretap Act] is entitled to… reasonable attorney's fees and costs." Tex. Civ. Prac. & Rem. Code § 123.004 (5).

39.   Further, under 42 U.S.C. § 1988, a party who prevails in suit filed under 42 U.S.C. 1983 may be awarded reasonable attorneys' fees.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs respectfully request this Court grant the following relief:

A.     Issue declaratory relief stating Defendants' practice of recording, disclosing, and using confidential attorney-client communications is unlawful;

B.     Enjoin Defendants from recording, disclosing, and using confidential attorney-client communications;

C.     Order Defendants to destroy all existing recordings of unlawfully-recorded attorney-client communications;

D.     Award reasonable attorneys' fees, litigation expenses, and court costs; and

E.     Grant all other and additional relief to which Plaintiffs may be entitled, at law or in equity.

DATED: April 29, 2014

                     Respectfully submitted,

                     /s/ Brian McGiverin
                     Brian McGiverin
                     Texas Bar No. 24067760
                     brian@texascivilrightsproject.org

                     Wayne Krause Yang
                     State Bar No. 24032644
                     James C. Harrington
                     Texas Bar No. 09048500

                     TEXAS CIVIL RIGHTS PROJECT
                     c/o TRLA, 4920 N I-35
                     Austin, Texas 78751
                     Tel. (512) 474-5073
                     Fax (512) 474-0726

                     Attorneys for the Individuals, the Austin Lawyers Guild, and the Prison Justice League

                     /s/ George C. Lobb
                     George C. Lobb
                     Texas Bar No. 24042928

                     Law Office of George C. Lobb
                     1108 Lavaca Street, #110-242
                     Austin, TX 78701
                     Tel. (512) 215-6011
                     Fax. (512) 425-0877

                     Attorney for the Individuals and the Class